IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CECIL EDWARDS, JR., et al.                                    PLAINTIFFS

VS.                          NO. 4:10-cv-02042-BSM-JTR

KARL BYRD, SHERIFF FAULKNER
COUNTY, et al                                                 DEFENDANTS

## AGREED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby enters

the following protective order.

AMTEC Less-Lethal Systems ("AMTEC"), a non-party to this lawsuit, has agreed to

disclose to plaintiff, Cecil Edwards, Jr., and his counsel, certain confidential information

requested by plaintiff pursuant to a subpoena duces tecum dated May 11, 2012.

The parties recognize and agree that AMTEC may disclose certain documents containing

information that can be considered a trade secret, or other confidential research, development or

commercial information. AMTEC has agreed to provide this confidential information to the

plaintiff upon entry of a protective order to protect the proprietary interests of AMTEC.

IT IS HEREBY ORDERED THAT:

1.      AMTEC has agreed to produce user manuals, training manuals, advertising

literature, brochures or pamphlets, videos, pictures, and documents identifying the type and

model as to the less-lethal shotguns, bean bag ammunition, and sound/flash distraction devices

sold to Faulkner County and/or the Faulkner County Sheriff's Department.

2.      It is agreed that certain information contained in those documents and other

material shall be considered confidential. Specifically, the items covered by paragraphs 1 and 8

of the subpoena duces tecum, relating to bean bag munitions and the number of grains of

1124720-v1

propellant used to propel them, and the number of grains or load of the sound and flash distraction device. Additionally, any other information contained therein that can be considered a trade secret, or other confidential research, development or commercial information shall be considered confidential and covered by this Protective Order.

3.  It is agreed that material deemed confidential shall be disclosed only to the following individuals, each of whom shall be required to read this Protective Order and agree to abide by its terms before being given any of the information:

a.  Counsel for plaintiff and counsel for the defendant who are actively engaged in the conduct of this litigation and to their staffs to the extent reasonably necessary to render professional services in the litigation;

b.  The parties to the litigation and their experts; and

c.  Any other individuals included by order of the Court.

4.  The information provided hereunder shall be intended for use in this litigation only. The confidential material may not be used for any other purpose whatsoever.

5.  Documents produced by AMTEC to be covered by this Protective Order shall be stamped "CONFIDENTIAL/TRADE SECRETS OF AMTEC LESS-LETHAL SYSTEMS."

6.  The parties shall not in any manner, directly or indirectly, transfer the information contained in these disclosures, or any related confidential records, documents or other information provided hereunder or copies thereof, or communicate, orally or in writing, any of the data contained in said material to any person, other than as provided for in paragraph 3 of this Protective Order.

7.  Should a party wish to use any of the confidential information provided hereunder as an exhibit to a pleading or any other document filed with the Court or quote any of its

2

provisions in a pleading or any other document filed with the Court, the party shall request the permission of the Court to file any such pleadings or other documents under seal.

8.    Any of the confidential information or documents provided hereunder used as exhibits or admitted into evidence at trial shall not be considered part of the public record, but instead shall remain subject to and protected by the terms of the Protective Order and be sealed at the conclusion of the trial.

9.    Should any of the documents subject to this Protective Order be referred to on appeal, they must be presented to the appellate court under seal and otherwise remain subject to the terms of this Protective Order.

10.    In the event of a disclosure in violation of this Protective Order (whether intentional or unintentional), the disclosing party shall immediately notify a representative of AMTEC of the disclosure and take immediate action to prevent further disclosure. In the event either party is subpoenaed or otherwise required by legal process to disclose the information, it shall immediately notify a representative of AMTEC and provide it with an opportunity to object before any disclosure is made.

11.    The parties shall, promptly upon the final determination of this action, including the expiration of time for any further appeals, whether by judgment, settlement, or otherwise, return the confidential information provided hereunder, as well as any and all copies in print, on computer disc or in any type of electronic format and extracts of the information to AMTEC.

12.    The confidentiality obligations imposed by this Protective Order shall remain in effect unless otherwise expressly ordered by the Court.

IT IS ORDERED THIS __30ᵀᴴ__ DAY OF __May_____, 2012.

3

MAGISTRATE JUDGE J. THOMAS RAY

Date: May 31, 2012

APPROVED AS TO FORM:

Morris W. Thompson
Morris W. Thompson Law Firm
P.O. Box 662
Little Rock, AR  72203
(501) 661-8100

BY:

Morris W. Thompson

Attorney for Plaintiffs, Cecil Edwards, Jr., et al.

Jason Owens
Rainwater, Holt & Sexton, P.A.
P.O. Box 17250
Little Rock, AR  72222
(501) 868-2500

BY:

Jason Owens
Attorneys for Defendant Karl Byrd

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, AR  72201
(501) 371-0808

BY:

Courtney C. McLarty (97116)

4